*351 Opinion of the Court, by
Judge Mills.
IN this case the appellee sued the appellant by summons and petition, on a note for the direct payment of $460 and 15 cents. The appellant pleaded payment, with an agreement of the parties annexed to the issue, that the appellant might give any thing in evidence which he could have specially pleaded, and that the court should try the issue of fact, and give judgment, without the intervention of a jury. The parties also agreed, that the appellant, about three days after the note became due, drew an order directed to T. B. Fitch of Louisville, for $171 50, in favor of the appellee, and that it was presented to Fitch and accepted by him in a few days, but was afterwards protested for non-payment; that the appellant had placed goods in the hands of Fitch, to sell at auction, the proceeds of which were to be the fund on which the appellant drew; but that the Jefferson circuit court, by injunction, issued before even the drawing, and of course before the acceptance of the order, on a bill filed for that purpose in favor of P. B. Ormsby, had enjoined and restrained Fitch from paying over any money in his hands to the appellant or his order; and that besides these goods to be sold at auction, there was no other funds in the hands of Fitch, to justify the drawing of the order or *352 bill aforesaid. The agreement of facts extended thus far. The appellant then introduced a witness, who deposed that the appellant gave the appellee a draught upon Fitch, at three days’ sight, for $170, or thereabout, which the appellee agreed should be a satisfaction for so much of the note sued on, provided it should be accepted by Fitch. The court found the issue for the appellee, and gave judgment for the whole demand, from which this appeal is prayed.
Whether the court below disbelieved the facts proved by the witness, and for that cause disallowed the credit claimed; or, believing the facts, decided that the law would not allow the credit, the record does not inform us. If the judgment was given for the former reason only, it is evident that our power over the record would not be the same as it would be over a question of law which that court had decided. Besides, the witness in this case does not identify the order or draught, or state the time when drawn. The sum nearly corresponds, but no date is stated, nor does the record tell us whether this was all the evidence used on the trial; and that court might have been, by other evidence or circumstances, satisfied that the draught was not the same, or that the statement of the witness was not credible. If the parties agree to refer an issue at common law to the court, they, by their agreement, appoint a functionary of the law to try facts, who, in general, cannot try facts by law, or issues of fact made up; and it cannot be presumed that they delegate less power to the court, in such case, over the credibility of witnesses, than a jury possesses. A jury may disbelieve witnesses, which a court presiding may believe; and frequently, in such cases, the court may refuse, in their sound discretion, to grant a new trial. It is in cases where the court conceive that the jury has too flagrantly disregarded evidence which they ought to believe, that a court will interfere, and that interference is by granting a new trial and again submitting the same facts to another jury. If a second and third jury still persist in finding the facts in the same way, all further relief is at an end. And, indeed, as juries are the proper and legitimate triers of fact, courts exercise this power with caution in the first instance, and this court controls the decision with still more caution. The attitude, gesture, manner of deposing, and levity or noto *353 riety of infamous character in a witness, may and ought to have considerable influence upon the credibility of his statements. These this court cannot have the advantage of seeing and knowing, as a court of original jurisdiction can have; and such court ought to attend to and regard these things, especially when the determination of the facts deposed is left, as of this case, to the court itself. By disturbing the decision of the court below, we might do great injustice to it. We might decide the point of law either with or against the opinion of that court, and still the result would be the same, as we could not compel, and ought not to compel, if we could, that court to believe the facts differently from what it already does, though in a chancery suit we have a right to substitute our own belief for that of the court below.
It is, therefore, wholly unnecessary for us to investigate the legal question made by the appellant here, that is, whether the acceptance of Fitch ought to discharge so much of the note; for if we were to decide that the credit ought not to be given, it would amount to an affirmance of the judgment; and if we decide that the credit ought by law to have been given, still we would be bound to presume every fact in favor of the decision of that court, which the record did not negative, and to presume that that court understood the law rightly, but disbelieved the agreement to take the acceptance in discharge of so much, or that the draught spoken of by the witness was not the same; or, what is still more conclusive, that that court had other evidence before them, perfectly decisive of the question of facts against the appellant. We cannot conceive ourselves even justifiable in setting aside a verdict, on the ground that the facts are wrongfully decided, unless the record assures us that the whole evidence is before us; therefore, we ought not to disturb the decision of a court, constituted by agreement of the parties with power to try fact as well as law, unless the same assurance is given.
The judgment must, therefore, be affirmed with damages and costs.